UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LISA MONTGOMERY

            Plaintiff,

   v.

WILLIAM P. BARR, *et al.*,

            Defendants.

No. 20-cv-3214 (TNM)

**EMERGENCY MOTION FOR DELAY OF TRANSFER
PENDING APPELLATE REVIEW**

The Court has just ordered this case to be transferred to the Northern District of Texas, forthwith. Mem. Order, ECF 34. Pursuant to binding precedent in this Circuit, Plaintiff hereby moves for a ten-day delay of that transfer, so that she can seek review of the order in the Court of Appeals. The Court of Appeals has made it clear that adequate time must be allowed for a plaintiff to seek appellate review before a transfer can be effectuated. *Starnes v. McGuire,* 512 F.2d 918, 935 (D.C. Cir. 1974) (en banc) ("This circuit is, however, the only appropriate forum for direct review of the transfer order. . . .  Adequate and orderly review therefore requires that physical transfer be delayed for a period of time after entry of the transfer order, during which time review may be sought in the transferor circuit."); *see also Moore v. Cohen*, No. 18-cv-2082 (TFH), 2019 WL 2396264, *2 (D.D.C. June 5, 2019) ("in light of the nearly half-century-old controlling decision in *Starnes,* the plaintiffs' counsel was aware that there would be a period of delay during which the plaintiffs could appeal the transfer order to the United States Court of Appeals for the District of Columbia Circuit"). As the Court of Appeals has held, such a

delay is required regardless of the district court's view of a plaintiff's likelihood of success on review. Plaintiff is not, therefore, seeking a stay of the Court's transfer order pending appeal, for which she would have to show a likelihood of success, irreparable injury, equity, and public interest. What she is seeking is the modest delay that is required as a matter of course by controlling Circuit precedent, as Senior Judge Hogan pointed out in *Moore*.

Plaintiff intends to seek appellate review of the transfer order. She requires a reasonable period of time in which to do so. And now that Plaintiff's execution date has been rescheduled for January 12, 2021, the urgency for resolving Plaintiff's pending motion for a preliminary injunction—whether in this Court or another court—has been somewhat mitigated, and any urgency in transferring the case has likewise been mitigated. A brief delay in effectuating the transfer—which Plaintiff believes should not occur at all—will not disable either court from resolving the motion for a preliminary injunction in a timely matter.

Accordingly, the Clerk should be directed to delay carrying out the transfer order until December 7, 2020, to allow Plaintiff time to file a petition for a writ of mandamus in the Court of Appeals. If such a petition is filed by that time, the delay should be automatically extended until such time as the Court of Appeals hands down its decision.

A proposed order is attached.

Dated: November 25, 2020               Respectfully submitted,

By: */s/ Robin Nunn*
Robin Nunn (D.C. Bar No. 1531752)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel: (202) 739-5382
robin.nunn@morganlewis.com

Cassandra Stubbs
Brian W. Stull
Cristina Becker

Denise LeBoeuf
ACLU Capital Punishment Project
201 W. Main Street, Suite 402
Durham, NC 27705
Tel: (919) 682-5659
cstubbs@aclu.org
bstull@aclu.org
cbecker@aclu.org
dleboeuf@aclu.org

David C. Fathi*
Lauren Kuhlik (D.C. Bar No. 888324779)
ACLU National Prison Project
915 15th Street, N.W., 7th Floor
Washington, D.C. 20005
Tel: (202) 548-6603
dfathi@aclu.org
lkuhlik@aclu.org

Anjana Samant
ACLU Women's Rights Project
125 Broad Street
New York, NY 10004
Tel: (646) 885-8341
asamant@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation of the
District of Columbia
915 15th Street, N.W. – 2nd Floor
Washington, D.C. 20005
Tel: (202) 601-4266
aspitzer@acludc.org

*Not admitted in DC; practice limited to federal courts