UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LISA MONTGOMERY**, <br><br> Plaintiff, <br><br> v. <br><br> **WIILIAM P. BARR**, <br>*Attorney General of the United States in his official capacity*, *et al*., <br><br> Defendants. | Case No. 1:20-cv-03214 (TNM) |

## ORDER

Before the Court are the Plaintiff's Emergency Motion to Delay Transfer, ECF No. 36, and Motion for Order to Return Case, ECF No. 37.  The Court denies both motions as moot.

The Court has accommodated Plaintiff's concerns regarding alleged ongoing and imminent constitutional violations at every turn.  *See, e.g.*, Pl.'s Mem. Supp. Mot. Prelim. Inj. at 22, ECF No. 12-1 ("Mrs. Montgomery's *current* conditions of confinement pose such a *substantial risk of harm* to her that they will have an impact tantamount to the impact of torture." (cleaned up)); Pl.'s Mem. Resp. to Ct.'s Show Cause Order at 15, ECF No. 18 (arguing that a transfer "would not just prejudice Mrs. Montgomery, it would increase the likelihood of her *current torturous conditions* being prolonged") (emphasis added).[1]  The Court ordered condensed briefing schedules on the Plaintiff's motions, expedited the Court's own consideration of the matters at hand, and most recently, transferred the case to the Northern District of Texas immediately to ensure that these alleged violations are addressed as quickly as possible.

---

[1] All citations are to the page numbers generated by this Court's CM/ECF system.

Now that the Court has rendered its ruling, the Plaintiff's claim that the urgency she has alleged is "somewhat mitigated," *see* ECF No. 36 at 2, rings hollow. In any event, the files have already been transferred to the transferee court, rendering this Court without jurisdiction to address the Plaintiff's motions. *See Starnes v. McGuire*, 512 F.2d 918, 924 (D.C. Cir. 1974) (en banc) ("[I]t is . . . clear that physical transfer of the original papers in a case to a permissible transferee forum deprives the transferor circuit of jurisdiction to review the transfer."); *see also In re Asemani*, 455 F.3d 296, 300 (D.C. Cir. 2006) (explaining that that "[t]he *Starnes* rule was adopted in order to 'allow the [transferring] judge to consider any late-arriving briefs in opposition to the transfer which may have been delayed by inefficiencies in the [prison] mail services'" (alterations in original) (quoting *Starnes*, 512 F.2d at 934–35)). For these reasons, it is hereby

**ORDERED** that the Plaintiff's Emergency Motion to Delay Transfer, ECF No. 36, and Motion for Order to Return Case, ECF No. 37, are **DENIED AS MOOT**.

**SO ORDERED**.

Dated: November 25, 2020                                         TREVOR N. McFADDEN, U.S.D.J.